UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| B.C. PRODUCE INC., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CV-07-141-B-W |
| | ) | |
| DON'S WHOLESALE PRODUCE, INC., | ) | |
| a/k/a DONS WHOLESALE PRODUCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES**

Having concluded that an award of attorney's fees to the prevailing plaintiff is required under the Massachusetts Consumer Protection Act, the Court orders attorney's fees in an amount the Court deems reasonable to both Plaintiffs' counsel.

**I.    STATEMENT OF FACTS**

On January 9, 2008, the Court entered default judgment against Don's Wholesale Produce, Inc. in favor of the Plaintiffs under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) (PACA), and the Massachusetts Consumer Protection Act. Mass. Gen. Laws ch. 93A §§ 2, 11 (2008) (MCPA). *Default J.* (Docket # 35). On March 9, 2008, the Plaintiffs moved for an award of attorney's fees.[1] *Pls.' Application for Allowance of Attorney's Fees* (Docket # 40) (*Pls.' App.*). They claim there is a contractual basis for such an award under PACA for B.C. Produce, Inc., Boston Tomato & Packaging LLC, Forlizzi & Bimber, Inc., Mutual Produce Corp., Peter Condakes Company, Inc., and S. Strock & Co., each of which they say had a notice on its invoice that the delinquent customer must pay collection costs and

---

[1] The "Plaintiffs" include B.C. Produce, Inc., Boston Tomato & Packaging LLC, Community-Suffolk, Inc., Eaton & Eustis Co., Forlizzi & Bimber, Inc., Peter Condakes Company, Inc., S. Strock & Co., and Mutual Produce Corp..

attorney's fees.[2]  *Id.* at 2.  As prevailing plaintiffs, they also claim entitlement to attorney's fees for all plaintiffs under the MCPA.  The Plaintiffs seek an award of $12,676.67 for the legal work of Attorney Osborne and $4,121.25 for the legal work of Attorney Greenberg.  *Id.* at 3.

## II.   DISCUSSION

### A.   Entitlement to Attorney's Fees

Section eleven of MCPA provides that "[i]f the court finds in any action commenced hereunder, that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and costs incurred in said action."  Mass. Gen. Laws ch. 93A § 11. Here, the Plaintiffs claimed a violation of section two of the MCPA and, by failing to respond to the allegations in the Complaint, the Defendant has admitted this violation.  *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000).  Accordingly, the attorney's fee provisions of section eleven obtain.  Under Massachusetts law, section eleven "requires an award of attorney's fees on a finding that a claimant has been adversely affected by an unfair or deceptive act or practice." *Drywall Sys., Inc. v. ZVI Constr. Co.*, 761 N.E.2d 482, 488 (Mass. 2002); *Jet Line Servs., Inc. v. Am. Employers Ins. Co.*, 537 N.E.2d 107, 115 (Mass. 1989); *Oronoque Realty Corp. v. Spencer*, 2004 Mass. App. Div. 107, 108 (Mass. App. Div. 2004).

### B.   Amount of the Attorney's Fees

#### 1.   The Contingent Fee Agreement

The Plaintiffs argue that the Court should award attorney's fees using the lodestar time and rate method, even though they were retained on a contingent fee basis.  *Pls.' App.* at 3.  For support, they cite *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 526 (1st Cir. 1991) as authority.   *Weinberger* hints that what the Plaintiffs say is correct; it states that "[i]f an

---

[2] The Court does not reach this issue, since attorney's fees are awardable under the MCPA.

alternative method is not expressly dictated by applicable law, we have customarily found it best to calculate fees by means of the time-and-rate method known as the lodestar." *Id.*   It does not directly, however, address the question of whether a plaintiff, who retained an attorney on a contingent fee basis, may collect a statutory attorney's fee, once he prevails, under section eleven.

More direct authority is found in *Graves v. R.M. Packer Co.*, 702 N.E.2d 21, 23, 28-29 (Mass. App. Ct. 1998), where the appeals court upheld a ruling which conditioned an award of attorney's fees under section eleven on the abrogation of a contingent fee agreement.  *See also Siegel v. Berkshire Life Ins. Co.*, 835 N.E.2d 288, 293 (Mass. App. Ct. 2005) ("Regardless of the arrangements Carole had with her attorney, as the prevailing party in a c. 93A case, she was entitled to recover a reasonable attorney's fee for the work done to vindicate her rights under the statute.").  Having concluded that the Plaintiffs prevailed under section two of MCPA, the Court is required to award attorney's fees to the Plaintiffs under section eleven.  It seems consistent with the statutory directive to order a defendant who has violated the statute to pay the plaintiffs' attorney's fees, rather than to require the prevailing plaintiffs to bear their own fees.  Of course, since the Court is awarding attorney's fees under the statute, the Plaintiffs (and their counsel) have elected their remedy and the contingent fee agreement would be duplicative.  *See Unger v. Lambert*, No 01-03226, 2007 Mass. Super. LEXIS 76 (Mass. Super. Ct. Mar. 12, 2007).

### 2.    Attorney Greenberg

Mr. Greenberg requests an award of $4,121.25.  Mr. Greenberg submitted an itemized bill for a total of 23.55 hours of professional time at $175.00 per hour.  *Pls.' App. Attach. 2* (Docket # 40-3).

### 3.   Attorney Osborne

Mr. Osborne requests an award of $12,676.67.  He charged an hourly rate of $325.00 during 2007 and $350.00 during 2008 and spent a total 33.7 hours on the case.  *Pls.' App. Attach. 3* (Docket # 40-4); *Pls.' App. Attach. 4* (Docket # 40-5).  David Fonte, an associate, charged an hourly rate of $225.00 during 2007 and $250.00 during 2008 and spent a total of 7.4 hours on the case.  *Id.*  Paralegals charged an hourly rate of $75.00 during 2007 and $85.00 during 2008; there is no evidence, however, that Osborne and Fonte used paralegals on the case.

### 4.   Discussion

Under MCPA, the Court is directed to evaluate the "nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney[s], the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases."  *Mass. Eye & Ear Infirmary v. QLT, Inc.*, 495 F. Supp. 2d 188, 218 (D. Mass. 2007) (quoting *Linthicum v. Archambault*, 398 N.E.2d 482, 488 (Mass. 1979), *abrogated on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 640 N.E.2d 1101 (Mass. 1994)).  Here, the Court has taken into account all the *Linthicum* factors and more, including:  (1) that two law firms separately represented the Plaintiffs and some legal work appears redundant, (2) that the claim, though relatively novel, it is less so for an experienced collection attorney; (3) that the total amount of the judgment exceeded $150,000.00; (4) that the Defendant failed to answer, resulting in a default judgment; (5) that, although Osborne & Fonte has at least one associate, his involvement was minimal; (6) that Osborne & Fonte failed to use its paralegals, for whom the law firm charges substantially lower hourly rates; (7) that some efficiency is rightfully expected from attorneys with long-term experience in this area of law; and, (8) that Judge Young in

4

*Massachusetts Eye & Ear*, the only similar reported case the Court is aware of, reduced the attorney's fee by more than 50%. *See Mass. Eye & Ear Infirmary*, 495 F. Supp. 2d at 218 (reducing the attorney's fee from more than $36,000,000 to $14,093,855.42).  The Court grants Mr. Greenberg's motion for $3,500.00 and grants Osborne & Fonte's motion for $8,000.00.

## III.    CONCLUSION

The Court grants the Plaintiffs' Application for Allowance of Attorney's Fees (Docket # 40) in the amount of Three Thousand Five Hundred Dollars ($3,500.00) to Stanley F. Greenberg and in the amount of Eight Thousand Dollars ($8,000.00) to Andrew M. Osborne.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2008